FILED

April 14th, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 8:01 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **ANGELA BROWN** | ) | **Docket No.: 2015-05-0014** |
| **Employee,** | ) | |
| **v.** | ) | **State File Number: 61669-2014** |
| **YATES SERVICES, LLC** | ) | |
| **Employer,** | ) | **Judge Dale Tipps** |
| **And** | ) | |
| **TRAVELERS INDEMNITY CO.** | ) | |
| **Insurance Carrier.** | ) | |
| | ) | |

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the undersigned Workers' Compensation Judge on April 12, 2016, for a telephonic hearing on the Motion to Dismiss pursuant to Tennessee Compilation Rules and Regulations, Rule 0800-02-21-.14(3) (2015) filed March 10, 2016, by the Employer, Yates Services, LLC. The central legal issue is whether the Employee, Angela Brown, has resolved the evidentiary inadequacies in her claim or articulated a clear intent and method to do so. For the reasons set forth below, the Court finds Yates' motion is well taken and dismisses Ms. Brown's claim.

### History of Claim

Ms. Brown filed a Petition for Benefit Determination seeking medical benefits for injuries she allegedly suffered on August 4, 2014, while working for Yates. Specifically, she alleged she injured her back on that date when she slipped and fell in some oil on the floor. The central issue for adjudication at the Expedited Hearing was whether Ms. Brown was likely to establish at a hearing on the merits that she suffered an injury arising primarily out of and in the course and scope of her employment. In the resulting Expedited Hearing Order Denying Requested Benefits, this Court concluded she had not met the burden of establishing that likelihood.

Noting a number of unexplained discrepancies in Ms. Brown's proof, the Court entered an Order on October 15, 2015, finding she did not present sufficient proof to establish the occurrence of a specific injury on August 4, 2014. Yates sought dismissal

1

of this claim because Ms. Brown did not introduce sufficient evidence to prevail at the Expedited Hearing and did not appeal the Court's findings.

**Findings of Fact and Conclusions of Law**

Rule 14(3) provides that, where a claim is denied on grounds of compensability following an Expedited Hearing, the employer may file a motion to dismiss the claim. Rule .14(3) provides a procedural mechanism for the potential dismissal of a workers' compensation claim that is unique to the Court of Workers' Compensation Claims. As such, a Rule .14(3) motion is distinct from the dismissal mechanisms (motions to dismiss and for summary judgment) provided for in the Tennessee Rules of Civil Procedure. Therefore, the Court finds that a Rule .14(3) motion to dismiss is an alternate procedure as contemplated by Tennessee Code Annotated section 50-6-239(c)(1) (2015), and the standards and procedures applied to motions to dismiss or for summary judgment under the Tennessee Rules of Civil Procedure do not govern the determination of a Rule .14(3) motion.

A party may only file a Rule .14(3) motion after the Court conducts an Expedited Hearing and denies the claim on the grounds of compensability. When denying relief at an Expedited Hearing, the Court must find that the employee would be unlikely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2014).

That being the case, Rule .14(3) provides a procedural mechanism by which an employer can force the employee to address the evidentiary inadequacies that resulted in the adverse decision at the Expedited Hearing. Therefore, Yates's Rule .14(3) motion forced Ms. Brown to address her evidentiary inadequacies by either producing evidence that her injury arose primarily out of and in the course and scope of her employment, or by articulating a clear intent and method to do so.

Ms. Brown filed no response to Yates's motion. Pursuant to Rule 4.01(B) of the Court's Practices and Procedures, Yates' motion is considered unopposed. Further, during the hearing, Ms. Brown did not identify or describe any new evidence likely to establish her injuries arose out of and in the course and scope of her employment.

Ms. Brown also failed to meet the second prong of the Rule .14(3) analysis. She identified no method for producing the necessary evidence or any intent to do so. She admitted she had done nothing toward advancing her claim in the six months since the Court issued the Expedited Hearing Order. This includes her refusal to respond to Yates' discovery requests in violation of the Court's Initial Hearing Order and her failure to appear for two noticed depositions. As Ms. Brown failed to take any action to address the evidentiary inadequacies of her claim, dismissal is appropriate.

Ms. Brown stated during the hearing that she suffers from depression, which

prevented her from pursuing her claim or retaining counsel. She also indicated she had resisted Yates' attempts to advance the claim because her doctor had instructed her to avoid stressful situations. While the Court is cognizant of the problems caused by depression, Ms. Brown has not provided any physician letters or medical records excusing her from the obligation to prosecute her claim in a timely manner. As to the matter of counsel, the Court advised Ms. Brown of her right to retain counsel during October 1, 2016 Expedited Hearing. She indicated she understood that right and elected to represent herself. It would be inequitable and inefficient to allow her to delay this matter by expressing, for the first time, her desire for representation a mere week before the scheduled Compensation Hearing.

Finally, Rule .14(3) is silent regarding whether a dismissal should be with or without prejudice. The Court finds that Ms. Brown received a full and fair opportunity to present her case, but nonetheless failed to meet her burden. Furthermore, because Ms. Brown failed to respond to the Motion to Dismiss or identify any method or intent to cure her evidentiary shortcomings, it seems contrary to the purposes of Rule .14(3), as well as the legislative intent of the 2013 reforms, to dismiss the matter, only to allow Ms. Brown to re-file her claim and force Yates to make the very same arguments, expending additional time and resources. For this reason, and for the sake of judicial economy, the Court dismisses Ms. Brown's claim with prejudice.

**IT IS, THEREFORE, ORDERED** that the above-captioned matter is hereby dismissed with prejudice. The filing fee for this cause of $150.00 is taxed to the Employer, Yates, pursuant to Rule 0800-02-21-.07 of the Mediation and Hearing Procedures, for which execution may issue, as necessary.

Unless an appeal of this order is filed with the Workers' Compensation Appeals Board or the Tennessee Supreme Court, this order shall become final in thirty days.

**ENTERED this the 14ᵗʰ day of April, 2016.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Dismissal Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

3

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty days* of the date the Compensation Order was entered by the Workers' Compensation Judge. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(b).

3. Serve a copy of the Request For Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for Review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order Granting Motion to Dismiss was sent to the following recipients by the following methods of service on this the 14th day of April, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|------|------|------|------|------|------|
| Angela Brown | | | | | x | Abrown7414@gmail.com |
| John Rucker, Jr. | | | | | x | jrucker@ruckerlaw.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**